IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TERESA JONES, Individually and ）
as Next Friend of KEITH JONES, ）
Residents of Dyer County, ）
Tennessee, ）
）
    Plaintiff, ）
）
v. ）    No. <u>07-2073</u> D/P
）
ILLINOIS CENTRAL RAILROAD ）
COMPANY, a foreign corporation, ）
）
    Defendant. ）

---

## ORDER FOLLOWING HEARING ON PRE-TRIAL MOTIONS

---

Before the court by order of reference are the following pre-trial motions: (1) Plaintiff's Motion to Compel Discovery (D.E. 64); (2) Defendant's Motions in Limine (D.E. 126, 128, 134, 136, and 143); (3) Plaintiff's Motion in Limine (D.E. 129); (4) Plaintiff's Second Motion to Compel Discovery (D.E. 157); and (5) Defendant's Objections to Plaintiff's Designations of Portions of Depositions (D.E. 163). The court held a hearing on these motions on June 11 and 12, 2008. Counsel for all parties were present and heard. During the hearing, the parties announced to the court that they were able to resolve by agreement numerous objections raised in the motions. The court sets forth below the objections/issues resolved at the hearing and the outstanding issues that will be

addressed by the court on Monday, June 16, 2008:

1.  <u>Plaintiff's Motion to Compel Discovery (D.E. 64)</u>:  The parties announced to the court at the hearing that they had resolved by agreement all disputes raised in this motion, with the exception of the production of the interview notes taken by the defendant's claims agent who interviewed H.G. Wood and J.C. McKissick shortly after the accident.  (<u>See</u> Request Number 9 of Plaintiff's Request for Production of Documents).  The court found that the defendant failed to satisfy its burden of establishing that the interview notes were prepared "in anticipation of litigation," and therefore were not protected by the work product privilege.  <u>See</u> <u>United States v. Roxworthy</u>, 457 F.3d 590, 593 (6th Cir. 2006).  Specifically, the court found that the defendant failed to demonstrate that the interview notes were created because of the defendant's subjective anticipation of litigation, as contrasted with an ordinary business purpose, or that the subjective anticipation of litigation was objectively reasonable. <u>Id.</u>  The mere fact that a claims agent employed by the defendant conducts post-accident interviews does not, standing alone, sufficiently demonstrate that the notes are protected by the privilege.  Defendant has not, for example, shown that the notes were created in anticipation of litigation "in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or

answers to interrogatories." Id. In addition, the court reviewed the interview notes *in camera*, and based upon that review, found that the privilege did not apply. Finally, to the extent the notes are protected as work product, the notes do not appear to contain any opinion work product, and the court finds that the plaintiff has sufficiently demonstrated substantial need and undue hardship under Fed. R. Civ. P. 26 to overcome any such work product privilege, based on the defendant's ability to immediately access its own employees and the contradictory deposition testimony of Wood and McKissick relating to the distance of the parked train. The court ordered the defendant to produce the interview notes to the plaintiff by 5:00 p.m. on Friday, June 13. The motion to compel is GRANTED with respect to the claims agent's interview notes, and DENIED as moot with respect to the remaining issues.

2. <u>Plaintiff's Second Motion to Compel Discovery From Defendant</u> (D.E. 157): At the hearing, the court GRANTED plaintiff's Second Motion to Compel Discovery From Defendant. Plaintiff sufficiently demonstrated good cause to explain her inability to file the motion to compel earlier. In prior deposition notices, and specifically the deposition notice of defendant's Rule 30(b)(6) witness Johnny Glenn, plaintiff requested that the defendant produce, among other documents, "[a]ny and all documents . . . that set forth any policy, program, procedure, guideline, or rule . . . that was in force and effect at any time

during the period beginning five (5) years prior to the collision at issue in this case and continuing until the present that relates in any way to . . . the removal of sight obstructions, including, but not limited to, vegetation on [defendant's] rights-of-way and/or property owned by others adjacent to [defendant's] rights-of-way at or near rail-highway grade crossings." Defendant produced documents relating to rules/guidelines that were in effect in 2004, and that were in effect for the period prior to 1999, but it is unclear whether documents were produced for rules/guidelines relating to removal of vegetation for the period 1999 through 2004. With respect to the rules/guidelines relating to removal of vegetation for the period of 1999 through 2004, the court ordered defendant to produce these documents to plaintiff by no later than 5:00 p.m. on June 13.

3.  Defendant's Motion in Limine (D.E. 126):  The court will address this motion on June 16, which relates to references at trial regarding the defendant's alleged failure to have a "policy" regarding extra-hazardous crossings.

4.  Defendant's Motion in Limine (D.E. 136):  The parties announced to the court at the hearing that they had resolved by agreement all objections raised in this motion with the exception of the objections contained in paragraph 3 (extra-hazardous crossing evidence), paragraph 8 (subsequent remedial measures under Fed. R. Evid. 407), paragraph 9 (documents under 23 U.S.C. § 409),

and objections relating to expert witness testimony that the
parties will address in connection with the Daubert hearing.  With
respect to the issues resolved by agreement between the parties,
the motion is DENIED as moot.  The remaining issues will be
addressed by the court on June 16.

5.  Defendant's Motion in Limine (D.E. 128): The parties
announced to the court at the hearing that they had resolved by
agreement several objections raised in this motion, including the
following[1]:  (1) objections to exhibits 15, 16, 33, 39, 47, 63, 67,
68, 70, 71, 72, 74, 75, 82, 87, 83, 94, 95, 98, 105, 109, 110, 111,
112, and 114; (2) objections to witnesses Tosh, Parks, Thurmond,
Parks, and French (see page 13 of motion); (3) objections to
witnesses Sharon Baucom, Kenneth Baucom, Hillary Jones, and Brian
Jones (see page 14 of motion); and (4) objections to witness
Pinion.[2]  With respect to these resolved objections, the motion is
DENIED as moot.

The objections that are still in dispute include the

---

[1]The court's ruling on D.E. 157 covered defendant's objections to
exhibits 41 and 42.  Therefore, these exhibits will not need to be
addressed by the court on June 16.

[2]The plaintiff, after playing the video at exhibit 9 to the court,
agreed that the video should not be shown to the jury and withdrew
the exhibit.  The court also reviewed exhibit 7, which is a
photograph of a school bus with children crossing the train tracks,
and concluded that the photograph (which was taken one year after
the accident) was not relevant and furthermore, under Fed. R. Evid.
403, any marginal probative value was substantially outweighed by
the danger of unfair prejudice.

following: (1) objections to exhibits 10, 11, 18, 19, 21, 34, 35, 37, 40, 44, 45, 46, 48, 52, 53, 56, 61, 62, 65, 66, 69, 73, 78, 79, 83 and 88-91[3], 92, 93, 96, 97, 99, 102, 103, and 107-108[4]; (2) objections to witnesses Aldridge (see page 14 of motion); (3) objections to expert witnesses Culver and Long under <u>Daubert</u> (see page 15 of motion); (4) objections to admitting the deposition testimony of witnesses Dining, Zeinz, Tolene, Keane, Robinson, and Yarborough (see page 17 of motion); and (5) objections to testimony of witnesses, including Anderson, Porter, and Plunk, only to the extent these witnesses will testify regarding subsequent remedial measures (see page 18 of motion; see also defendant's motion in limine at D.E. 136, paragraph 8). At the hearing, the court ruled that witness E. Hunter Robinson's deposition testimony (see page 17 of motion) falls under the hearsay exception of Rule 804(b)(1) as former testimony, and overruled defendant's objections to his deposition testimony in its entirety on hearsay grounds. However, the court notes that in defendant's Objections to Plaintiff's Designations of Depositions (D.E. 163), defendant raises separate

---

[3]These exhibits consist of various expert reports, and the defendant agreed that the experts' CV and medical records attached to the report are not objectionable. However, the defendant objects to the admission into evidence of the reports themselves, including any summaries or charts created by the experts. The plaintiff takes the position that the charts/summaries are admissible, and the parties agreed that this dispute should be addressed with the court at the time of the <u>Daubert</u> hearing.

[4]The objections for these exhibits are based on Fed. R. Evid. 407 raised in defendant's Motion in Limine at D.E. 136, paragraph 8.

objections to specific portions of Harrison's testimony. The court's ruling does not address these specific objections. Instead, these objections, along with the remaining issues listed above, will be addressed by the court on June 16.

6. Plaintiff's Motion in Limine (D.E. 129): The parties announced to the court at the hearing that they had resolved by agreement the following objections raised in this motion: (1) objections to witness Sensing (see page 1 of motion); (2) objections to witness Baker (see page 3 of motion); (3) objections to witness Ponstingl (see page 10 of motion); (4) objections raised in paragraphs 9 and 10 of the motion (see page 12); (5) objections to the deposition testimony of witness Anderson (see page 13 of motion); (6) objections to the deposition testimony of Teresa Jones (see page 14 of motion); (7) objections to photographs identified under the heading "A. Photographs" on pages 14 and 15 of the motion; (8) objections to Doug Walk still photographs (see page 18 of motion); (9) objections to legislative history exhibits identified on pages 21 and 22 of the motion; (10) objections to TDOT-related exhibits identified in paragraphs 26, 27, 28, 29, and 30 (see page 23 of motion); and (11) objections to "Collateral Source Benefits" documents identified on page 24 of the motion. With respect to these resolved objections, the motion is DENIED as moot.

The objections that are still in dispute include the

following:   (1) objections to witnesses Officer McLin, Sgt. Phillips, and Lt. Pemeter (see pages 4, 6, and 7 of motion); (2) objections to expert witnesses Nichelson and McDonald on <u>Daubert</u> grounds (see page 9 of motion); (3) objections to the deposition testimony of Keith Jones (see page 14 of motion); (4) objections to the photograph identified under the heading "B. Demonstrative Photograph" on pages 15-16 of the motion; (5) objections to "Spray Program" documents identified on page 17 of the motion; (6) objections to the Technical Working Group Paper and the experts' reliance on these documents on <u>Daubert</u> grounds (see pages 18-19 of motion); (7) objections to the Uniform Traffic Crash Report prepared by Officer McLin (see page 20 of motion); (8) objections to exhibits identified in paragraph 35 of the motion based on 23 U.S.C. § 409 (see page 23 of motion); and (9) objections to the Commercial Drivers' License Manual identified in paragraph 37 of the motion.[5]  These remaining issues will be addressed by the court on June 16.

7.   <u>Defendant's Motion in Limine to Bar Evidence Precluded by 23 U.S.C. § 409</u> (D.E. 134), <u>Motion in Limine to Exclude Excerpts from the Railroad-Highway Grade Crossing Handbook and AASHTO Manuals</u> (D.E. 143), and <u>Objections to Plaintiff's Designations of</u>

---

[5]At the hearing, the parties agreed that the District Judge previously ruled on the admissibility of this exhibit at the pretrial conference, but they disagreed on the scope of the judge's prior ruling.

<u>Portions of Depositions</u> (D.E. 163):  These motions will be addressed by the court on June 16.

IT IS SO ORDERED.

s/ Tu M. Pham
_____
TU M. PHAM
United States Magistrate Judge


June 13, 2008
_____
Date