## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

| | | |
|---|---|---|
| TERESA JONES, Individually and as Next Friend of KEITH JONES, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 07-2073 D/P |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

---

### REPORT AND RECOMMENDATION

---

Before the court by order of reference is plaintiff Teresa Jones's Motion for Entry of Judgment for Attorneys' Fees. (D.E. 314.) Based on the entire record, the court submits the following proposed findings of fact and conclusions of law, and recommends that plaintiff be awarded attorney's fees in the total amount of $27,072.00, with $15,378.00 of that amount to be paid by attorney Camille Reifers for fees relating to the discovery of the train crew statements, and $11,694.00 of that amount to be paid jointly by defendant Illinois Central Railroad Company and Ms. Reifers for fees relating to investigating Mr. Thomas Grace's "hotel testimony" and preparing the motion for sanctions.

### I.   PROPOSED FINDINGS OF FACT

A detailed discussion of the facts giving rise to the present

motion can be found in the district court's Order Denying
Plaintiff's Motions for New Trial, to Vacate Judgment, and for
Post-Trial Discovery and Granting Plaintiff's Motions for Sanctions
("Sanctions Order") (D.E. 270), as well as the Court of Appeals's
order affirming the Sanctions Order (D.E. 312).  In the Sanctions
Order, the court found that Ms. Camille Reifers, lead trial counsel
for defendant Illinois Central Railroad Company ("Illinois
Central"), violated 28 U.S.C. § 1927 and Rules 11 and 26(g) of the
Federal Rules of Civil Procedure in connection with her pre-trial
opposition to production of train crew statements.  The court found
that "although Ms. Reifers's actions concerning the disclosure of
the train crew statements are not the worst examples of attorney
misconduct and discovery abuse ever to come before this Court, her
actions constitute bad faith and an unethical attempt to distract
opposing counsel from the real issues of the case.  Thus, Ms.
Reifers's actions warrant sanctions."  (Sanctions Order at 15.)
The court ordered "Ms. Reifers to pay Plaintiff's attorneys' fees
for the time spent in the discovery of these documents and in
preparing Plaintiff's motion for sanctions."  (Id. at 16.)

     In addition, the court found that "Defendant's counsel and
legal team acted in bad faith in an initial attempt to hide the
fact that Defendant had paid for Mr. [Thomas] Grace's hotel room
the night before testifying," that "Ms. Reifers acted in bad faith
in denying that her staff had called Mr. Grace and told him to be

-2-

at trial on Tuesday, June 17, 2008 . . . despite the fact that Mr. Grace explicitly stated that they had," and that "Ms. Reifers acted recklessly and failed to fulfill her obligation as an officer of the Court to be completely forthcoming with all available information and, instead, forced Plaintiff's counsel and the Court to spend unnecessary time procuring information readily available to Defendant." (Id. at 18.)   The court stated that "[t]he actions of Ms. Reifers and her legal team . . . were reckless, sometimes misleading, and often not fully-informed." (Id. at 20.)   The court awarded sanctions against Illinois Central and Ms. Reifers, and ordered "Defendant and Defendant's counsel to pay Plaintiff's reasonable attorney fees for time spent investigating Mr. Grace's testimony and for preparing Plaintiff's motions for sanctions."[1] (Id. at 18, 20.)   The court directed Jones's attorneys to submit attorney time records for purposes of calculating the attorney's fees award.

---

[1]The Sanctions Order at times identified Illinois Central, Ms. Reifers, "and her legal team" as engaging in conduct that warranted the imposition of sanctions relating to Mr. Grace's trial testimony. From the language of the order, it appears that Ms. Reifers, and not her support staff, made the misrepresentations to the court. Although Ms. Reifers may have relied on information provided to her from other members of her defense team, it was ultimately her responsibility as lead defense counsel and an officer of the court to verify the accuracy of the information before making those representations to the court. Moreover, Ms. Reifers's paralegals are not attorneys and would not be considered "Defendant's counsel." Thus, the court reads the Sanctions Order as requiring Illinois Central and Ms. Reifers to jointly pay the attorney's fees relating to Mr. Grace's testimony.

Subsequently, counsel for the plaintiff, John W. Chandler Jr. with the law firm of Morgan Adams, and Pamela R. O'Dwyer and Randall D. Larramore with the law firm of Paty, Rymer & Ulin, P.C., each submitted affidavits for attorney's fees with supporting time records.  Mr. Chandler and Ms. O'Dwyer stated in their affidavits that they do not routinely keep contemporaneous time records of the time they spend handling cases on behalf of plaintiffs, including railroad grade crossing cases, because they do not anticipate receiving an award of attorney's fees in the form of sanctions. Both attorneys averred that they "estimated" the time they spent on the matters covered by the Sanctions Orders, and that they underestimated (rather than overestimated) the time they devoted to those tasks.  Similarly, Mr. Larramore stated in his affidavit that he also estimated the time he spent on the tasks covered by the Sanctions Order.  In addition, Mr. Chandler and Ms. O'Dwyer filed supporting affidavits from Memphis-area attorneys, which stated that plaintiff's counsel's claimed hourly rates ($300.00 per hour) are reasonable and in line with the prevailing market rate for attorneys with comparable qualifications and experience.  Mr. Larramore attached to his affidavit a recent report and recommendation from the United States District Court for the Eastern District of Tennessee, in which a magistrate judge found that Mr. Larramore's hourly rate of $190.00 in a Title VII case was reasonable.  In their affidavits, Mr. Chandler requested attorney's

-4-

fees in the amount of $26,190 (87.3 hours x $300.00 per hour), Ms. O'Dwyer requested $15,945.00 in fees (53.15 hours x $300.00 per hour), and Mr. Larramore requested $1,710.00 in fees (9.0 hours x $190.00 per hour).

In its opposition brief, Illinois Central objected to plaintiff's counsel's claimed fees, arguing that their affidavits were not properly supported by contemporaneous time records and should be struck in total, they improperly included fees for legal work that fall outside the scope of the Sanctions Order, they included certain tasks that were duplicative, vague, and could have been performed by non-lawyers at a lower hourly rate, and they improperly included time spent putting together their billing records.[2]

## II.   PROPOSED CONCLUSIONS OF LAW

Generally, the amount of attorney's fees is determined by the "lodestar" method, in which fees are "calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blanchard v. Bergeron, 489 U.S. 87, 94 (1989) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); see

---

[2]Illinois Central also asks the court to strike Ms. O'Dwyer's request for attorney's fees, because her affidavit was untimely filed.  It is unclear why Illinois Central takes the position that Ms. O'Dwyer's affidavit was untimely, since her affidavit was filed on May 8, 2009, the same day that Mr. Chandler and Mr. Larramore filed their affidavits.  (See D.E. 279, 281, 282.)  In any event, the court finds that any alleged delay in filing her affidavit would not be a basis to strike the affidavit.

also Venegas v. Mitchell, 495 U.S. 82, 87 (1990).  The party seeking attorney's fees has the burden of showing that he or she is entitled to the award.  Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Accordingly, that party also bears the burden of proof on the number of hours expended and the hourly rates claimed.  Hensley, 461 U.S. at 433.  The court has discretion in determining the amount of the fee award.  Id. at 437.___  The court must exclude from its calculation hours that are "excessive, redundant, or otherwise unnecessary."  Hensley, 461 U.S. at 434; Northcross v. Bd. of Educ. of Memphis City Sch., 611 F.2d 624, 646 (6th Cir. 1979).  The opposing party must "raise objections with specificity, pointing out particular items, rather than making generalized objections to the reasonableness of the bill as a whole." Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1176 n.14 (6th Cir. 1990).

## A.   Reasonableness of the Hourly Rates

In awarding sanctions, "[t]o arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."  Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004). As described in their affidavits, both Mr. Chandler and Ms. O'Dwyer have substantial experience as trial lawyers, particularly in the

highly specialized area of railroad grade crossing cases. Mr. Chandler has over thirty years of legal experience, served as Chair of the Railroad Law Section of the American Association of Justice (formerly the American Trial Lawyers Association), served as Editor of the Tennessee Litigation Letter, and has authored a chapter on railroad grade crossing litigation in <u>Handling Motor Vehicle Accident Cases</u> (2d Ed. West). Ms. O'Dwyer has practiced law for over forty years, served as Chair of the Railroad Highway Crossing and Derailment Litigation Group of the American Association of Justice, and has spoken several times on the subject of railroad liability. Mr. Larramore has practiced law since 1997 and his knowledge and skills have been recognized by one federal court as being sufficient to support a $190.00 hourly rate. Notably, Illinois Central does not challenge the reasonableness of the claimed hourly rates. Moreover, this court has found the hourly rate of $300.00 to be reasonable for an attorney with similar skills and experience. <u>See</u> <u>Love v. Shelby County Sheriff's Dept.</u>, No. 02-2478, 2007 WL 4615950 at *6 (W.D. Tenn. Dec. 28, 2007). The court finds that the hourly rates claimed by Jones's attorneys are reasonable.

**B.   Reasonableness of the Hours Expended**

Although Illinois Central raises specific objections to every billing entry submitted by Jones's counsel, as an initial matter the court will address three broad objections raised by Illinois

Central.  First, it argues that the affidavits should be stricken in total because Jones's attorneys admittedly did not keep contemporaneous time records.  A court may reduce an award of attorney's fees when it has sufficient reason to do so.  Great-West Life & Annuity Ins. Co. v. Clingenpeel, 996 F. Supp. 1348, 1351 (W.D. Okla. 1998) (citing Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1203 (10th Cir. 1986)).  Failure to keep contemporaneous time records is a sufficient reason for a reduction.  Id. (citing Hensley, 461 U.S. at 438 n.13).  In Hensley, the Supreme Court noted, "the District Court properly . . . reduced the hours of one attorney by thirty percent to account for his inexperience and failure to keep contemporaneous time records."  Hensley, 461 U.S. at 438 n. 13.  Where the reconstructed records are "sufficiently detailed to permit the defendant to challenge specific items" and "to permit [the] court to make a thoughtful determination as to the reasonableness of the services performed," Rapp v. City of Easton, 77 F. App'x 88, 90 (3d Cir. 2003), the court may reduce the hours without striking the time records.  On the one hand, Jones's attorneys did not seek an award of attorney's fees in the complaint and therefore did not anticipate that they would need to keep contemporaneous time records, and they did not recognize the need to document their time until late in the litigation when the sanctions issues arose shortly before and during trial.[3]  On the

---

[3]Counsel apparently represented Jones on a contingency fee basis.

other hand, the time records were reconstructed almost one year after the work was performed, and even though the court does not doubt that Jones's attorneys have tried to be conservative with their time estimates, the fact remains that the billing entries by definition are not accurate. Rather than striking the time records - which the court finds is not warranted under the circumstances of this case - the court will instead reduce the overall fee award by 20% to fairly and equitably account for the non-contemporaneous billing records.

Second, Illinois Central contends that the billing records improperly include fees for legal work that fall outside the scope of the Sanctions Order. With respect to the train crew statements, the Sanctions Order directed "Ms. Reifers to pay Plaintiff's attorney's fees for the time spent in the discovery of these documents and in preparing Plaintiff's motion for sanctions." The purpose of the order was to sanction Ms. Reifers for taking an unsupportable position in resisting production of the train crew statements, and not to compensate Jones's counsel for their time spent trying to locate these statements on their own from other witnesses. Consistent with that order, the court finds that Jones's attorneys may recover fees for time spent preparing those portions of plaintiff's Motion to Compel that relate to the train crew statements, the reply brief, and preparing for and arguing those issues before the magistrate judge at the motions hearing on

June 11, 2008.[4]  The court notes that although the hearing lasted
several hours, the hearing involved six additional motions and only
about 45 minutes of the hearing related to the train crew
statements.  Also, Ms. Reifers's sanctionable conduct with respect
to the train crew statements ended on June 13, 2008, when she
complied with the magistrate judge's order directing her to produce
the note that she had previously withheld on privilege and work
product grounds.  Any work performed *after* she produced the note,
such as production of other documents on June 15 and Jones's
counsel's efforts to subpoena Tom Martin and Mike Collins (former
Illinois Central claims agents), is not recoverable, and in fact,
the court specifically declined to sanction Ms. Reifers for the
June 15 production.  (Sanctions Order at 16-17) ("Plaintiff also
contends that Ms. Reifers purposefully withheld the notes that she
sent to Plaintiff's counsel on Sunday, June 15, 2008.  The Court
finds that the record lacks sufficient evidence to indicate that
Ms. Reifers intended to withhold this information. . . .
Accordingly, although the timing is suspicious, the Court does not
find any fault in Ms. Reifers's action concerning the late

---

[4]The Motion to Compel (D.E. 64) was 4 pages in length and the
supporting memorandum was 33 pages in length (not including
exhibits).  Of the 33 pages, approximately 11 pages related to the
train crew statements.  Jones's reply brief was 11 pages in length,
and the entire brief related to the train crew statements.  The
reply brief did not simply restate the arguments made in the Motion
to Compel, but rather analyzed the arguments raised and cases cited
by Illinois Central in its opposition brief.

disclosure of Tom Martin's interview notes.").

As to the scope of the Sanctions Order and the trial testimony of witness Thomas Grace, Illinois Central objects to the billing entries for attorney time spent litigating those issues during the trial. The Sanctions Order specifically orders defendant and defendant's counsel "to pay Plaintiff's reasonable attorney fees for time spent investigating Mr. Grace's testimony and for preparing Plaintiff's motions for sanctions." The court finds that the order does not authorize Jones to recover fees for attorney time spent in trial, and instead only authorizes fees for time spent "investigating" Mr. Grace's false testimony.

Third, Illinois Central objects to the "duplicative" billing entries to the extent more than one attorney performed a specific task. The court disagrees and finds that it was appropriate for Jones to have more than one attorney work on the same matters and tasks.[5] As this court observed in Brack v. Shoney's, Inc., No. 01-2997, 2004 WL 2806495 (W.D. Tenn. July 29, 2004):

> As to the recording of duplicative time for each attorney, in a case of multiple attorneys, it is inevitable that some of the same work will be performed by both attorneys. For example, both attorneys will want to review the Court's orders, to stay abreast of the status of the case. Also, both attorneys may bill for their meetings with each other, as both attorneys' time is being expended. Finally, if both attorneys attend

---

[5]The one exception, as discussed below, is for the attorneys' time spent traveling to the Sleep Inn hotel to obtain information about Mr. Grace's hotel stay. Only one attorney was reasonably required to complete that task.

depositions or court hearings, then, again, both attorneys' time is being expended and may be billed.

<u>Id.</u> at *5.

With these parameters in mind, the court has reviewed each billing entry and makes the followings findings on Illinois Central's specific objections to the attorneys' billing entries:

    1.   <u>Billing Entries Relating to Train Crew Statements</u>

         *a.  Mr. Chandler's Billing Entries*

2/26/08: The court finds that the work performed was reasonable and is recoverable pursuant to the Sanctions Order. The court further finds that counsel's review of the depositions of Mr. Grace, Engineer Harris Wood, Conductor Jerry McQuisick, and the photograph taken by Officer Frank McLin was directly related to the Motion to Compel, as those exhibits were discussed and cited in the train crew portion of the Motion to Compel.

6/11/08: The court will reduce the hours from 1.5 claimed by Mr. Chandler to 0.75, as the court has listened to the digital recording of the June 11 hearing and finds that only about 45 minutes was spent at the hearing addressing the train crew statements. As for Illinois Central's objection to "double billing" for attorney time, as stated above, the court finds that it was reasonable for Jones to have multiple attorneys prepare for and appear at the hearing.

6/13/08: The court finds that billing entries relating to the call with Ms. Reifers (0.30 hour), call to Charlie Fineberg

regarding the Tom Martin subpoena (0.30 hour), and draft of subpoena for Martin (0.20), are outside the scope of the Sanctions Order and are not recoverable, because by that time Ms. Reifers had complied with the court's order directing her to produce the train crew note that the court reviewed *in camera* at the June 11 hearing.

6/14/08, 6/15/08: The court finds that billing relating to Tom Martin (0.20 and 0.30) as well as time entries relating to counsel's efforts to locate additional statements, to review Martin's statement, and to draft and file a different motion for sanctions (filed at D.E. 189) (0.80, 1.20, 2.50, 0.80, and 0.50 hours) are outside the scope of the Sanctions Order and are not recoverable, because by that time Ms. Reifers had complied with the court's order directing her to produce the train crew note.

b.   *Ms. O'Dwyer's Billing Entries*

2/25/08 through 6/10/08: The court finds that Ms. O'Dwyer may bill for this time, even though Mr. Chandler also worked on the motion to compel. In addition, the work was reasonably related to the motion to compel and was done in preparation for the hearing on the motion.

6/11/08: As with Mr. Chandler's billing entry, the court will reduce the hours from 1.5 claimed by Ms. O'Dwyer to 0.75. As for Illinois Central's objection to "double billing" for attorney time, as stated above, the court finds that it was reasonable for Jones to have multiple attorneys prepare for and appear at the hearing.

6/13/08 through 6/15/08: The court finds that billing entries relating to the conference with Mr. Chandler (0.20), conference call with Ms. Reifers (0.15), efforts to subpoena former claims agents Collins and Martin (0.25, 0.15, 0.30, 0.30, 0.30, 0.30, 0.15, 0.30, 0.20) are outside the scope of the Sanctions Order and are not recoverable, because by that time Ms. Reifers had complied with the court's order directing her to produce the train crew note.[6]

    c.   *Mr. Larramore's Billing Entries*

6/13/08 & 6/15/08: The court finds that billing entries relating to legal research on production and disclosure law, review of the order on the motion to compel, and research for another motion for sanctions (0.50 & 2.0) are outside the scope of the Sanctions Order and are not recoverable, because by that time Ms. Reifers had complied with the court's order directing her to produce the train crew note.

    2.   <u>Billing Entries Relating to Investigating Mr. Grace's Testimony</u>

        a.   *Mr. Chandler's Billing Entries*

6/17/08 through 6/27/08: The court finds that billing entries for Mr. Chandler's in-court time, drafting jury instructions,

---

[6]The only billing entry on 6/15/08 that is recoverable is Ms. O'Dwyer's call to Mr. Grace's father regarding the court appearance, which the court finds is reasonably related to the subsequent out-of-court investigation of Mr. Grace's testimony. This time entry will be applied to the sanctions attributable to Illinois Central and Ms. Reifers.

discussions at trial regarding claims agents' statements and train crew statements, and examining Mr. Grace at trial (0.30, 0.50, 0.10, 0.50, 0.50, 0.20, 0.30, 0.30, 0.30, 0.30), as discussed earlier, are outside the scope of the Sanctions Order and are not recoverable.  The court finds that the billing entry on 6/24/08 for travel to the Sleep Inn to obtain Mr. Grace's hotel receipt (0.80) falls within the scope of the Sanctions Order, and that it was reasonable to have an attorney who was familiar with the circumstances surrounding Mr. Grace's testimony to travel to the hotel.  However, the court finds that only one attorney needed to go to the hotel.  Since Mr. Larramore also went with Mr. Chandler, the court will award the time to Mr. Larramore (at a lower hourly rate) and will therefore reduce Mr. Chandler's time by 0.80 hour.

   b.   *Ms. O'Dwyer's Billing Entries*

6/15/08: As discussed in footnote 6, the court finds that the only billing entry that is recoverable for work performed on 6/15/08 is Ms. O'Dwyer's call to Mr. Grace's father regarding his court appearance, which the court finds is reasonably related to the subsequent investigation of Mr. Grace's testimony.

6/1708 through 6/27/08: The court finds that billing entries for Ms. O'Dwyer's in-court time, drafting jury instructions, discussions at trial regarding claims agents' statements and train crew statements, and examining Mr. Grace at trial (0.30, 0.50, 0.10, 0.50, 0.15, 0.20, 0.30, 0.30, 0.30, 0.30) are outside the

scope of the Sanctions Order and are not recoverable.  The court finds that time Ms. O'Dwyer spent relating to contacts with Mr. Grace outside of court and serving him with a subpoena was reasonable and is recoverable.  The court finds that the billing entry on 6/24/08 for travel to the Sleep Inn to obtain Mr. Grace's hotel receipt (0.80) falls within the scope of the Sanctions Order, and that it was reasonable to have an attorney who was familiar with the circumstances surrounding Mr. Grace's testimony to travel to the hotel.  However, the court finds that only one attorney needed to go to the hotel.  Since Mr. Larramore also went with Ms. O'Dwyer, the court will award the time to Mr. Larramore and will reduce Ms. O'Dwyer's time by 0.80 hour.

### c.  Mr. Larramore's Billing Entries

6/24/08: As discussed above, the court will award Mr. Larramore 1.5 hours for his two trips to the Sleep Inn hotel to obtain evidence regarding Mr. Grace's stay at the hotel.[7]

6/24/08: The court finds that the billing entry regarding legal research for attorney misconduct and drafting a jury instruction regarding Mr. Grace's testimony (0.50 hour) is outside the scope of the Sanctions Order and is not recoverable.  The court will deduct this time from the fee award.[8]

---

[7]Mr. Larramore went to the Sleep Inn hotel with Mr. Chandler on one occasion and with Ms. O'Dwyer on another.

[8]Mr. Larramore would be entitled to fees for legal research relating to the motion for sanctions.  However, the time entry is

3.   <u>Billing Entries Relating to Preparing Motion for Sanctions</u>

     *a.   Mr. Chandler's Billing Entries*

6/30/08: The court finds that the billing entry for Mr. Chandler's review of Kim Leonard's affidavit regarding Mr. Grace is recoverable and the work performed was reasonable.[9]

7/8/08 through 10/24/08, 3/31/09:  The court finds that the billing entries relating to Mr. Chandler's work on the motion for sanctions (D.E. 245, 246) and reviewing Illinois Central's response in opposition to the motion is recoverable and the work performed was reasonable.   Illinois Central objects to certain billing entries because the "Motion to Vacate Judgment and for Sanctions included other issues besides those discussed in the Order."   The court rejects this argument on two grounds.  First, the Sanctions Order plainly states that Jones is entitled to attorney's fees for preparing the motion for sanctions, without limiting the award to only work performed on those portions of the motion that related to the sanctionable conduct.   Second, the motion for sanctions was based primarily on the train crew statements and Mr. Grace's trial testimony.   Illinois Central also objects to the billing entries

---

vague and unclear as to how much time was spent on attorney misconduct research (which is recoverable) as opposed to assisting in drafting the jury instruction relating to Mr. Grace (which is not recoverable).

[9]Ms. Leonard was a paralegal on Illinois Central's legal team who filed an affidavit regarding Mr. Grace's testimony.

relating to reviewing and responding to Illinois Central's motion to strike Jones's motion for sanctions, and reviewing the court's order denying the motion to strike.[10]   The court disagrees with Illinois Central and finds that Jones is entitled to recover attorney's fees for that attorney time, as the motion to strike was directly related to the motion for sanctions.

11/23/08 through 11/24/08:  Illinois Central further objects to any billing entries relating to Mr. Chandler's travel to and from Memphis to attend the hearing on the motion for sanctions. Illinois Central argues that travel time is not compensable at an attorney's hourly rate.  The court finds that Jones's attorneys should receive some compensation for their travel time, but not at their full hourly rate.  The court will award Mr. Chandler 50% of his hourly rate for his travel time, which will be applied to 5.30 hours on 11/23/08 for travel to Memphis and 5.30 hours on 11/24/08 for travel back to Chattanooga.[11]  Mr. Chandler will be awarded 1.80 hours at his full hourly rate for his appearance at the post-trial motion hearing on 11/24/08.

        b.   Ms. O'Dwyer's Billing Entries

6/30/08: The court finds that the billing entry for Ms.

---

[10]The motion to strike was based on plaintiff's failure to comply with this court's Local Rules.

[11]For purposes of calculating the attorney's fees, the court will use 2.65 hours for travel time to Memphis and 2.65 hours for travel time back to Chattanooga at the full hourly rate of $300.00 (i.e. $795.00 each way).

O'Dwyer's review of Kim Leonard's affidavit regarding Mr. Grace is recoverable and the work performed was reasonable. As stated above, Jones was entitled to have more than one attorney perform the same task, as Mr. Chandler and Ms. O'Dwyer worked together in preparing the motion for sanctions.

7/8/08 through 8/7/08, 8/22/08: The court finds that these billing entries are reasonable and recoverable, consistent with the court's findings relating to Mr. Chandler's time entries, and furthermore, these entries are not duplicative as Jones was entitled to have more than one attorney perform the same task.

8/12/08, 8/13/08, 9/24/08: The court finds that these billing entries are vague - "Investigation of Thomas Grace" (1.0 hour), "Continuing to use internet and phone calls re: Thomas Grace" (0.45 hour), and "Calls to reach the seller of vehicle to Thomas Grace" (0.15 hour) - and fail to adequately explain how work performed after the trial was completed relate to the motion for sanctions. The court will deduct these billing entries from the fee award.

11/23/08 through 11/24/08: Illinois Central objects to any time entries relating to Ms. O'Dwyer's travel to and from Memphis to attend the hearing on the motion for sanctions. Illinois Central argues that travel time is not compensable at an attorney's hourly rate. As with Mr. Chandler's travel time, the court will award her 50% of her hourly rate for her travel time, which will be applied to 5.30 hours on 11/23/08 for travel to Memphis and 5.30

hours on 11/24/08 for travel back to Chattanooga. Since Ms. O'Dwyer appeared at the same hearing as Mr. Chandler, the court will likewise award her 1.80 hours at her full hourly rate for her appearance at the post-trial motion hearing on 11/24/08. However, the court will deduct 0.20 hour from Ms. O'Dwyer's claimed 7.30 hours, as Mr. Chandler only billed for 7.1 hours for the same hearing and same travel back to Chattanooga.

### c.  Mr. Larramore's Billing Entries

6/25/08 to 7/17/08: The court finds that billing entries relating to the motion for sanctions and drafting the motion are reasonable and recoverable. Furthermore, the work is not duplicative, as Jones was entitled to have more than one attorney assist in preparing the motion.

### 4.  Billing Entries Relating to Submitting Billing Records

### a.  Mr. Chandler's Billing Entries

5/4/09 through 5/7/09: Illinois Central objects to awarding any attorney's fees for Mr. Chandler's time spent reviewing the record and putting together documents to support his billing records. Illinois Central argues that attorneys do not typically charge clients for time spent documenting their billing records and that Jones should not be allowed to recover fees based on their estimation of attorney time. While Illinois Central may be correct that lawyers do not usually charge, and clients do not usually pay, for the time it takes lawyers to calculate their fees, courts have

recognized that in the context of an attorney's fee award, counsel may be able to seek reimbursement for time spent calculating their fees.  See Coulter v. State of Tennessee, 805 F.2d 146 (6th Cir. 1986).  The court finds that it is appropriate to allow Jones's counsel to claim these hours, as it was the misconduct of Illinois Central and Ms. Reifers that caused Jones's counsel to have to prepare their own affidavits, obtain affidavits from other Memphis-area lawyers, and review the record to ensure that the fees claimed are compensable under the Sanctions Order.  Therefore, the court finds that Mr. Chandler's billing entries, which total 11.2 hours, are recoverable.[12]

> b.  *Ms. O'Dwyer's Billing Entries*

5/3/09 through 5/7/09:  Similarly, the court finds that Ms. O'Dwyer's billing entries relating to preparing her billing records, which total 14.3 hours, are recoverable.

> c.  *Mr. Larramore's Billing Entries*

Mr. Larramore did not claim any time relating to preparing his billing records.

## C.  Attorney's Fees Calculation

> 1.  Sanctions Against Ms. Reifers for Train Crew Statements

Mr. Chandler spent 12.15 hours on work relating to the discovery of the train crew statements, Ms. O'Dwyer spent 5.25

---

[12]The court previously addressed the non-contemporaneous nature of the billing records.

hours, and Mr. Larramore spent 0 hours. Multiplying the attorneys' hours by their hourly rates, the amount of fees totals $5,220.00. Applying the 20% reduction based on the lack of contemporaneous billing records, the amount of fees is reduced to $4,176.00.

> 2. <u>Sanctions Against Illinois Central and Ms. Reifers for Mr. Grace's Testimony</u>

Mr. Chandler spent 0 hours investigating the facts surrounding Mr. Grace's trial testimony, Ms. O'Dwyer spent 1.1 hours, and Mr. Larramore spent 1.5 hours. Multiplying the attorneys' hours by their hourly rates, the amount of fees equals $615.00. Applying the 20% reduction based on the lack of contemporaneous billing records, the amount of fees is reduced to $492.00.

> 3. <u>Sanctions Against Illinois Central and Ms. Reifers for the Motion for Sanctions</u>

Mr. Chandler spent 46.7 hours on work relating to the motion for sanctions, Ms. O'Dwyer spent 18.3 hours, and Mr. Larramore spent 4.5 hours. Multiplying the attorneys' hours by their hourly rates, the amount of fees equals $20,355.00. Applying the 20% reduction, the amount of fees is reduced to $16,284.00. The court notes that the motion for sanctions was brought based on both the train crew statements and Mr. Grace's trial testimony, and the Sanctions Order instructed Ms. Reifers to pay the fees for the motion for sanctions based on the train crew statements and separately ordered Illinois Central and Ms. Reifers to pay the fees for the motion for sanctions based on Mr. Grace's testimony.

Consistent with that order, the court will divide the $16,284.00 amount equally, and order Ms. Reifers to pay $8,142.00, and Illinois Central and Ms. Reifers jointly to pay $8,142.00.

As for the fees for filing the attorneys' affidavits and billing records, Mr. Chandler spent 11.2 hours, Ms. O'Dwyer spent 14.3 hours, and Mr. Larramore spent 0 hours. Multiplying the attorneys' hours by their hourly rates, the amount of fees equals $7,650. Applying the 20% reduction, the amount of fees is reduced to $6,120.00. These fees also will be divided in half consistent with the Sanctions Order, and thus Ms. Reifers will be responsible for $3,060.00, and Illinois Central and Ms. Reifers will be responsible for $3,060.00.

### III.   RECOMMENDATION

For the reasons above, the court recommends that Jones be awarded attorney's fees in the total amount of $27,072.00, with $15,378.00 of that amount ($4,176.00 + $8,142.00 + $3,060.00 = $15,378.00) to be paid by Ms. Reifers for fees relating to the discovery of the train crew statements, and $11,694.00 of that amount ($492.00 + $8,142.00 + $3,060.00 = $11,694.00) to be paid jointly by Illinois Central and Ms. Reifers for fees relating to investigating Mr. Grace's testimony and preparing the motion for sanctions.

-23-

Respectfully submitted,

s/ Tu M. Pham

_____
TU M. PHAM
UNITED STATES MAGISTRATE JUDGE

August 14, 2011

_____
DATE

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).   FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**